IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CENTURY SURETY COMPANY | § § § § | |
| VS. | § § § § § § § § § | CIVIL ACTION NO.  1:22-CV-00285-RP |
| MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED, COLGATE OPERATING, LLC, TRIANGLE ENGINEERING, LLC, JEROMY MILLER AND ANAI MILLER | | |

## COLGATE OPERATING, LLC'S
## UNOPPOSED MOTION TO TRANSFER VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Colgate Operators, LLC, and files this Unopposed Motion to Transfer Venue and would respectfully show the Honorable Court as follows:

### I.
### RELIEF SOUGHT

1.   Defendant seeks an unopposed transfer of venue because the subject matter of this dispute, a contract between Colgate Operating, LLC and Triangle Engineering, LLC, contained a mandatory venue provision in favor of Midland County, Texas. Accordingly, the Court should grant this Unopposed Motion to Transfer Venue and transfer this lawsuit from the Austin Division to the Midland Division of the Western District of Texas.

### II.
### FACTUAL BACKGROUND

2.   Jeromy Miller was badly injured in an oil field accident in Reeves County, TX on February 29, 2020 ("Accident"). As a result of his injuries, Jeromy Miller and his wife Anai Miller filed a lawsuit styled *Jeromy Miller et al v. Colgate Energy, LLC et al,* Cause

No. 20-04-23492-CVR in the 143rd Judicial District Court of Reeves County, Texas. Among the various defendants to the *Miller* lawsuit were Colgate Operating, LLC, and Triangle Engineering, LLC.

3.   At the time and location of the Accident, the relationship between Triangle and Colgate was controlled by a Master Services/Sales Agreement dated April 29, 2017 ("MSA"). The MSA contained reciprocal indemnity provisions. After suit was filed, Triangle made demand against Colgate under the MSA for indemnity and defense against the *Miller* lawsuit. A dispute arose concerning the amount of indemnity owed under the MSA, relevant Texas law, and the terms of the various Markel policies insuring Colgate. Eventually, the *Miller* lawsuit settled as to all claims and parties.[1] The indemnity dispute lives on and has become the subject matter of this lawsuit.

4.   The MSA contained a mandatory venue selection provision that read as follows:

> Choice of Law and Choice of Venue. This Agreement shall be governed by and construed in accordance with laws of the State of Texas, but without regard to any conflict of laws provisions of that state which would have the effect of applying the law of another state or jurisdiction. Any and all disputes regarding this Agreement or the subject matter covered thereby shall only be brought in a court of proper jurisdiction in the state or federal courts located in Midland County, Texas.

5.   The parties agree that the above provision is applicable to this lawsuit and agree that the Midland Division of the of the United States Western District of Texas is the proper venue for this lawsuit.

---

[1] The 143rd Judicial District Court of Reeves County has scheduled the minor settlement hearing in the *Miller* lawsuit for June 2 and instructed the parties to present a final judgment by June 15, 2022.

## III.
## ARGUMENT & AUTHORITIES

6. As a threshold issue, the Plaintiff could have also filed this suit in the Midland Division of the Western District of Texas. A court will enforce a forum-selection provision where the forum-selection provision is 1) entered by corporations of equal bargaining power and unaffected by fraud, overreaching, or any other form of unfairness and 2) reasonable in the sense that its enforcement does not cause great inconvenience to the parties and does not result in the transfer of the case to a forum that is not reasonably related to the lawsuit. *Taylor v. Titan Midwest Const. Corp.*, 474 F. Supp. 145, 149 (N.D. Tex. 1979). The Parties now agree that, because of the above quoted mandatory venue language and Plaintiff's new breach of contract claim in the Amended Complaint, transfer to the Midland Division is appropriate. Transfer is sought under 28 U.S.C. 1404(a) & (b).

## IV.
## CERTIFICATE OF CONFERENCE

7. Counsel for Century and Colgate have conferred regarding this motion. Century is unopposed to the relief sought herein.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Colgate Operators, LLC prays this Court grant this motion in entirety, transferring suit to the Midland Division of the Western District of Texas.

[signature on following page]

Respectfully submitted,

DONATO BROWN POOL & MOEHLMANN

By: /s/ Mark A. Youngjohn
Randy Donato
Texas Bar No.: 05973300
Mark A. Youngjohn
Texas Bar No.: 24028247
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027
Phone: (713) 877-1112
Fax: (713) 877-1138
myoungjohn@donatobrown.com
rdonato@donatobrown.com

**ATTORNEYS FOR DEFENDANT
COLGATE OPERATING, LLC**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been forwarded to all the following counsel of record on this 9th day of May 2022:

☒ eService transmission on the following counsel:

Robert J. Witmeyer
Cooper & Scully, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202
(214) 712-9500
(214) 712-9540 – facsimile
Email: rob.witmeyer@cooperscully.com

**ATTORNEY FOR PLAINTIFFS**

Mark A. Youngjohn

4